IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

ELAINE J. McEWEN (DRIVER),

                Plaintiff,

    v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

                Defendant.

CIVIL ACTION FILE NO.

1:06-CV-1640-JFK

## FINAL OPINION AND ORDER

Plaintiff Elaine J. McEwen (Driver) brings this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of the Social Security Administration which denied her request for waiver of overpayment recovery. For the reasons set forth below, the court **ORDERS** that the Commissioner's decision be **AFFIRMED**.

In December 2000, the Social Security Administration determined that Plaintiff McEwen was disabled, and, therefore, entitled to a period of disability and disability insurance benefits. [R. at 31, 63-74]. Plaintiff's disability onset date was found to be January 2, 1995. [R. at 69]. In March 2002, the Commissioner notified Plaintiff that

she had been overpaid disability insurance benefits for the period of May 1998 to February 2002, in the amount of $6,814.90. [R. at 30-32]. "The error occurred when cost of living increases were not reduced by the amount of the claimant's public disability payments." [R. at 31].

Plaintiff requested a waiver of overpayment recovery, which was denied. [R. at 30, 75-93]. After an administrative hearing was held on April 21, 2005, the Administrative Law Judge ("ALJ") issued a decision on January 27, 2006, denying Plaintiff's request for a waiver. [R. at 27-33, 36-62]. Plaintiff requested review of the ALJ's decision, but the Appeals Council denied her request on May 3, 2006, making the hearing decision the final decision of the Commissioner. [R. at 3-5]. On June 13, 2006, Plaintiff filed the above-styled action in this court seeking review of the final decision. [Doc. 2].

The Social Security Act provides that the Commissioner shall make recovery of an overpayment of benefits. 42 U.S.C. § 404(a)(1). However, no recovery shall be made if two conditions are satisfied: (1) the recipient is "without fault" with regard to the overpayment; and (2) "recovery would defeat the purpose of [Title II of the Act] or would be against equity and good conscience." 42 U.S.C. § 404(b). In the present

case, the ALJ found that Plaintiff was "without fault for the overpayment." [R. at 32].

The ALJ explained:

> The claimant disclosed her receipt of the Federal pension at the time of her application for Title II benefits. She did not knowingly make any incorrect statements and did not fail to return any overpayments which she should have known occurred. The overpayments occurred at the beginning phase of her receipt of benefits and consequently would not have seemed erroneous to the average recipient.

[R. at 32]. However, with respect to the second condition, the ALJ found that recovery would not defeat the purpose of the Act and would not be against equity and good conscience. [R. at 32-33]. The ALJ, therefore, concluded that "recovery of the overpayment may not be waived." [Id.].

Plaintiff's supplemental medical insurance premium is paid from her Social Security benefits, and Plaintiff receives the remaining amount of $73 per month. [R. at 61; Doc. 14 at 7]. The ALJ recommended that "the claimant repay at the same amount that she receives from Social Security currently, approximately $73.00 per month." [R. at 32].[1] Plaintiff, who argues that the ALJ erred in his decision, carries

---

[1]Plaintiff mistakenly believes that recovery of the overpayment must take place within thirty-six months and that she would be responsible for paying her supplemental medical insurance premium. [Doc. 14 at 7]. As the Commissioner points out, however, the insurance premium is paid from her Social Security benefits, and the Program Operations Manual System "does not mandate recovery of a Title II

the burden of establishing that recovery of the overpayment should be waived. Viehman v. Schweiker, 679 F.2d 223, 227 (11th Cir. 1982).

The court's function is to determine: (1) whether the record, as a whole, contains substantial evidence to support the findings and decision of the Commissioner; and (2) whether the Commissioner applied proper legal standards.  See Vaughn v. Heckler, 727 F.2d 1040, 1042 (11th Cir. 1984).  Substantial evidence is more than a scintilla, but less than a preponderance.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  In the present case, there is no question that the ALJ applied the proper legal standards.  Therefore, the sole issue before the undersigned is whether substantial evidence supports the ALJ's finding that recovery of the overpayment to Plaintiff would not defeat the purpose of Title II of the Act and would not be against equity and good conscience.  42 U.S.C. § 404(b).  Social Security regulations provide guidance on both of these questions.

Recovery of overpayment would defeat the purpose of Title II if the recipient "needs substantially all of [her] current income (including social security monthly

_____

overpayment in thirty-six months and states that a negotiated installment amount can be as little as $10.00 a month."  [Doc. 18 at 7 n. 2].

benefits) to meet current ordinary and necessary living expenses," and recovery would deprive her of the ability to meet these expenses.  20 C.F.R. § 404.508(a), (b).  Thus, the court must determine "whether the person has an income or financial resources sufficient for more than ordinary and necessary needs, or is dependent upon all of his current benefits for such needs."  Id.  The regulations define "ordinary and necessary expenses" as those which include the following:

(1)  Fixed living expenses, such as food and clothing, rent, mortgage payments, utilities, maintenance, insurance. . . , taxes, installment payments, etc.;

(2)  Medical, hospitalization, and other similar expenses;

(3)  Expenses for the support of others for whom the individual is legally responsible; and

(4)  Other miscellaneous expenses which may reasonably be considered as part of the individual's standard of living.

20 C.F.R. § 404.508(a).

As the ALJ noted, the record establishes that Plaintiff McEwen receives slightly more than $1,000 per month in retirement benefits for her years as a Federal employee. [R. at 32, 58, 79; Doc. 14 at 2].  In addition, Plaintiff's husband receives approximately $1,000 per month in retirement benefits.  [Id.].  Plaintiff listed her monthly expenses as being about $2,138.  [R. at 80].  However, this total included $275 per month in

5

expenses for collectible coins, die cast classic cars, and dolls. [R. at 32, 80]. Plaintiff now states in her brief, "We spend about $68.48 per month on entertainment and hobbies. Collectibles shouldn't even have been included. It should have shown 'gifts, home maintenance, entertainment, newspapers and magazine subscriptions, memberships, hobbies, etc.'" [Doc. 14 at 11]. "Home maintenance" is the only item in this list that could be considered as ordinary and necessary, but Plaintiff already included this expense in a separate entry on her list of monthly household expenses. [R. at 80]. Reducing Plaintiff's listed expenses by $275 for the monthly amount of collectibles, which she apparently acknowledges should not have been included on her list of necessary expenses, would result in a total of approximately $1863 for monthly household expenses. This is less than her approximate $2,000 in monthly income.

Plaintiff testified that she provides some financial assistance for her two grandchildren and, on occasion, for her children. [R. at 55-56, 59-60, 81]. The cost of supporting others may qualify as ordinary and necessary expenses, but only if the Social Security recipient is "legally responsible" for them. 20 C.F.R. § 404.508(a)(3). Plaintiff has presented no evidence showing that she is legally responsible for providing her grandchildren or children with financial support.

6

Twenty C.F.R. § 404.508(a) states that the Social Security Administration must not only consider the claimant's income but also her "financial resources" when determining whether she can meet her ordinary and necessary expenses. An examination of Plaintiff's financial resources provides still further support for the ALJ's conclusion that recovery of the overpayment should not be waived. Plaintiff testified that she has $5,000 in her savings account, $1,300 in her checking account, $40 in a retirement account, and an undisclosed amount of stock. [R. at 56-59]. Other records indicate that Plaintiff also has a few thousand dollars in certificates of deposit. [R. at 78, 114-25]. In her brief, Plaintiff asserts that she had "assets of close to $25,000.00." [Doc. 14 at 6]. In light of the fact that Plaintiff has significant financial resources and monthly income that exceeds her expenses, the court finds that substantial evidence supports the ALJ's conclusion that recovery of the overpayment to Plaintiff would not defeat the purpose of Title II of the Act. 20 C.F.R. § 404.508(a), (b).

The final issue the court must address is whether recovery of the overpayment would be against equity and good conscience. 42 U.S.C. § 404(b). This occurs in situations where the claimant changed her position for the worse or relinquished a valuable right because of reliance upon a notice that a payment would be made or

because of the overpayment itself.  20 C.F.R. § 404.509(a).[2]  The regulations provide that an "individual's financial circumstances are not material to a finding of 'against equity and good conscience.'"  20 C.F.R. § 404.509(b).

Plaintiff McEwen was notified that she was entitled to disability insurance benefits in December 2000, and she was informed in January 2001 of the amount of benefits she would receive.  [R. at 31, 63-74].  In March 2002, the Commissioner notified Plaintiff that she had been overpaid.  [R. at 30-32].  Plaintiff has not offered any evidence that she changed her position for the worse or relinquished a valuable right because of reliance on the notice of payment or on the overpayment itself.  There is no evidence, for example, that Plaintiff took on additional debt as a result of receiving the benefit award.  In fact, Plaintiff testified that her only major debt is her home loan.  [R. at 60].  Substantial evidence clearly supports the ALJ's finding that recovery of the overpayment would not be against equity and good conscience.  42 U.S.C. § 404(b).

---

[2]Another portion of this regulation provides that recovery of an overpayment is against equity and good conscience if the individual "[w]as living in a separate household from the overpaid person at the time of the overpayment and did not receive the overpayment."  20 C.F.R. § 404.509(a)(2).  This provision is not relevant to the present case.

AO 72A
(Rev.8/82)

A reasonable person could accept the relevant evidence as adequate to support the ALJ's conclusion that recovery of the overpayment made to Plaintiff may not be waived.  See Bloodsworth, 703 F.2d at 1239.  Accordingly, the undersigned **ORDERS** that the Commissioner's decision denying Plaintiff's request for waiver be **AFFIRMED**.

**SO ORDERED**, this 26th day of FEBRUARY, 2007.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)